UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SPOTTERRF LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD KNOCH, individually, MERRITT RYSAVY, individually, and THE KNOCH GROUP, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 3-24-cv-05994-TMC<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

Plaintiff SpotterRF LLC ("Spotter") and Defendants Edward Knoch, Merritt Rysavy, and The Knoch Group, LLC ("TKG") (collectively, the "Parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the Parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality

PAGE - 1

standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the Parties, each Party shall disclose:

1.      <u>Custodians.</u> All custodians, but not more than five, most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a Party is (or is not) able to preserve information stored in the third-party data source.

4.      <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system, or other criteria sufficient to specifically identify the data source) that a Party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The Parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody, or control. With respect to preservation of ESI, the Parties agree as follows:

1.      Absent a showing of good cause by the requesting Party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall preserve all discoverable ESI in their possession, custody, or control.

PAGE - 2

2.      All Parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.      Absent a showing of good cause by the requesting Party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.
   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.
   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).
   e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
   f. Server, system or network logs.
   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.
   h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.      Privilege**

1.      With respect to privileged or work-product information generated after the filing of the complaint, Parties are not required to include any such information in privilege logs.

2.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.      Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced

or (ii) the producing Party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.      ESI Discovery Procedures**

    1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting Party of specific need and good cause or by agreement of the Parties.

    2.      <u>Search methodology.</u> The Parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The Parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

    a.      A producing Party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The Parties shall meet and confer to attempt to reach an agreement on the producing Party's search terms and/or other methodology.

    b.      If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting Party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the Parties. The 5 additional terms or queries, if any, must be provided by the requesting Party within 14 days of receipt of the producing Party's production.

    c.      Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.

    d.      If available, the producing Party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3. <u>Format.</u>

    a. To the extent possible, the Parties agree that ESI will be produced to the requesting Party with searchable text, in a format to be decided between the Parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDFs. Unless otherwise agreed to by the Parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, should be produced in native format.

    b. Each document image file shall be named with a unique Bates Number (*e.g.* the unique Bates Number of the page of the document in question, followed by its file extension). File names should generally not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing Party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history. The Parties shall produce their information in the following format: single-page images and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with the document management system (e.g., Concordance® or Summation®), as agreed to by the Parties.

    c. If appropriate to the particular case, the Parties shall consider whether or not the full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. If the Parties so agree, the Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.* the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

          d.    If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    4.    <u>De-duplication.</u>  The Parties will de-duplicate their ESI production across custodial and non-custodial data sources before disclosure to the requesting Party.

    5.    <u>Metadata fields.</u>  If the requesting Party seeks metadata, the Parties agree that only the following metadata fields need be produced, if available: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified, and/or received; and hash value.

Dated: November 25, 2025

CORR CRONIN LLP

By: */s/ Jack M. Lovejoy*
Jack Lovejoy, WSBA No. 36962
Laurel Brown, WSBA No. 59015
1015 Second Ave, Floor 10
Seattle, WA 98104-1001
jlovejoy@corrcronin.com
lbrown@corrcronin.com
*Attorneys for Defendants*

BROER & PASSANNANTE, P.S.

By: */s/ Mark G. Passannante*
Mark G. Passannante, WSBA No. 25680
8904 NE Hazel Dell Avenue
Vancouver, WA 98665
mark@broerandpassannante.com,
*Attorney for Plaintiff*

KIRTON MCCONKIE

By: */s/ Chris Sanders*
Jacob A. Green
Chris Sanders
2600 W. Executive Parkway, Suite 400

PAGE - 6

Lehi, UT 84043
csanders@kmclaw.com
*Attorneys for Plaintiff*

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: November 25, 2025

The Honorable Tiffany M. Cartwright
UNITED STATES DISTRICT JUDGE